CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 11, 2013

LETTER TO COUNSEL:

> RE:  *Stasha Blum v. Commissioner, Social Security Administration*;
>       Civil No. SAG-12-1833

Dear Counsel:

On June 21, 2012, the Plaintiff, Stasha Blum, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income and Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 9, 11). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Blum filed her claim on November 8, 2007, alleging disability beginning on October 23, 2007. (Tr. 157-64). Her claim was denied initially on April 3, 2008, and on reconsideration on July 10, 2008. (Tr. 78-82, 85-88). A hearing was held on July 7, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 37-73). Following the hearing, on July 19, 2010, the ALJ determined that Ms. Blum was not disabled during the relevant time frame. (Tr. 21-32). The Appeals Council denied Ms. Blum's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Blum suffered from the severe impairments of obsessive compulsive disorder, anxiety disorders, and a mood disorder. (Tr. 24). Despite these impairments, the ALJ determined that Ms. Blum retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: minimal exposure to environmental irritants and temperature extremes; minimal physical interaction with others; no work in crowds; and entry level unskilled work entailing understanding, remembering and carrying out simple instructions.

(Tr. 25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Blum could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 30-31).

Ms. Blum presents four arguments on appeal: (1) the ALJ did not provide a sufficient narrative discussion supporting his conclusions, (2) the ALJ failed to include any limitations upon concentration, persistence, or pace, (3) the ALJ failed to evaluate the opinions of the state agency physicians, and (4) the ALJ erroneously relied on the VE's testimony. Each argument lacks merit.

Ms. Blum first argues that the ALJ failed to set forth a narrative discussion. However, Ms. Blum does not cite to, and this Court is unable to find, any medical opinion suggesting that she was limited in her ability to perform sustained work activities beyond those delineated in her RFC. Moreover, "an RFC assessment is sufficient if it includes a narrative discussion of the claimant's symptoms and medical source opinions." *Taylor v. Astrue*, Civil Action No. BPG-11-0032, 2012 WL 294532, at *6 (D. Md. Jan. 31, 2012) (internal quotations and citations omitted). Here, the ALJ discussed Ms. Blum's employment history, hearing testimony, symptoms, and the relevant medical evidence. (Tr. 23-30). Accordingly, the ALJ set forth a sufficient narrative discussion.

Ms. Blum's argument that the ALJ failed to include her moderate limitation in concentration, persistence, and pace is similarly deficient. The finding of a moderate impairment in concentration, persistence, and pace does not indicate that restrictions other than a limitation to simple, unskilled work would be necessary. *See, e.g.*, *Bell v. Astrue*, No. 8:07-cv-00924-JKS, slip op. at *9 (D. Md. Mar. 12, 2008) ("Even a finding of moderate impairment in a particular broad functioning area does not automatically indicate that a claimant's condition will significantly impact his or her ability to perform work-related functions.") (citations omitted). Here, the ALJ found that Ms. Blum was only capable of "understanding, carrying out, and remembering simple instructions," and limited her to "entry level unskilled work." (Tr. 25). The ALJ's analysis is consistent with the record, and his RFC determination is supported by substantial evidence.

Third, Ms. Blum contends that the ALJ failed to evaluate the opinions of the State Agency physicians. Ms. Blum is correct that the state agency physicians checked multiple "moderate limitations" in Section I of their opinions, and that the ALJ did not include all of those limitations in his hypothetical. (Tr. 350-52, 416-19). However, the relevant portion of the physicians' opinions is not Section I, which sets forth a series of "check the box" rankings, but Section III, which provides a detailed narrative functional capacity assessment. *See* Program Operations Manual System DI 24510.060B (Mental Residual Functional Capacity Assessment). Because Section I does not include the requisite level of detail to inform the ALJ's opinion, an ALJ need not address each of the Section I limitations. *See, e.g., Andrews v. Astrue*, Civil No. SKG–09–3061, slip op. at *39 (D. Md. Oct. 25, 2011) (noting that "even if the ALJ had not explicitly addressed each of the mental function limitations appearing on Section I of the mental RFCA, he was not required to do so.").

Moreover, the ALJ adequately addressed the limitations found in the state agency physicians' Section III RFCs. The ALJ limited Ms. Blum to "minimal physical interaction with others" and "no work in crowds" (Tr. 25), which is consistent with the State Agency physician's

suggestion that Ms. Blum may function best with minimal public interaction. (Tr. 352). Similarly, the ALJ limited Ms. Blum to "entry level unskilled work entailing understanding, remembering and carrying out simple instructions." (Tr. 25). This limitation is consistent with the State Agency physician's suggestion that Ms. Blum would function best in a low stress environment. (Tr. 66, 352). The ALJ properly evaluated the opinions of the State Agency physicians.

Ms. Blum also argues that the ALJ erroneously relied on the testimony of the VE. Pl. Mot. 10-14. Ms. Blum contends that the ALJ failed to include, in the hypothetical posed to the VE, her limitations in concentration, persistence, or pace, and her need for a low stress environment. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). As explained above, the ALJ's RFC determination is supported by substantial evidence. Because the ALJ's hypothetical included each aspect of that RFC finding, the ALJ did not err by relying on the VE's testimony.

In addition, Ms. Blum argues that the VE identified occupations requiring a Reasoning Level of at least two, which is outside the scope of the ALJ's limitation of understanding, remembering, and carrying out simple instructions. However, courts have consistently found that reasoning levels of two and three are consistent with limitations to simple instructions. *Clarkson v. Comm'r Soc. Sec. Admin.*, Civil No. SAG-11-631, 2013 WL 308954, at *2 (D. Md. Jan. 24, 2013). Accordingly, the ALJ did not err by relying on the VE's testimony.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 9) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 11) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge